**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Jonathon Alexander Phillips, Appellant.

Appellate Case No. 2016-000324

Appeal From York County
Daniel Dewitt Hall, Circuit Court Judge

Unpublished Opinion No. 2017-UP-392
Submitted September 1, 2017 – Filed October 18, 2017

**AFFIRMED**

Appellate Defender Lara M. Caudy, of Columbia, for Appellant

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia; and Solicitor Kevin Scott Brackett, of York, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006) ("In

criminal cases, the appellate court sits to review errors of law only."); *State v. Moore*, 343 S.C. 282, 288, 540 S.E.2d 445, 448 (2000) ("Generally, the decision to admit an eyewitness identification is at the trial [court's] discretion and will not be disturbed on appeal absent an abuse of such, or the commission of prejudicial legal error."); *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); *State v. Traylor*, 360 S.C. 74, 81, 600 S.E.2d 523, 526 (2004) ("A criminal defendant may be deprived of due process of law by an identification procedure which is unnecessarily suggestive and conducive to irreparable mistaken identification."); *Moore*, 343 S.C. at 286, 540 S.E.2d at 447 ("An in-court identification of an accused is inadmissible if a suggestive out-of-court identification procedure created a very substantial likelihood of irreparable misidentification."); *Traylor*, 360 S.C. at 81, 600 S.E.2d at 526-27 ("The United States Supreme Court has developed a two-prong inquiry to determine the admissibility of an out-of-court identification. First, a court must ascertain whether the identification process was unduly suggestive. The court must next decide whether the out-of-court identification was nevertheless so reliable that no substantial likelihood of misidentification existed." (citation omitted)); *id.* at 82, 600 S.E.2d at 527 ("Even assuming an identification procedure is suggestive, it need not be excluded so long as, under all the circumstances, the identification was reliable notwithstanding the suggestiveness."); *Neil v. Biggers*, 409 U.S. 188, 199-200 (1972) ("[T]he factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness'[s] degree of attention, the accuracy of the witness'[s] prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation."); *Manson v. Brathwaite,* 432 U.S. 98, 116 (1977) (noting that "identifications arising from single-photograph displays may be viewed in general with suspicion" but holding it could not say that "under all the circumstances of [the] case there [was] 'a very substantial likelihood of irreparable misidentification'" (quoting *Simmons v. United States*, 390 U.S. 377, 384 (1968))).

**AFFIRMED.**[1]

**SHORT, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.